[Crim. No. 20522. Jan. 25, 1979.]

In re ROBERT T. LAWLER on Habeas Corpus.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl J. Phaler, Michael D. Wellington, Steven V. Adler, Gary W. Schons and Alan S. Meth, Deputy Attorneys General, for Appellant.

Appellate Defenders, Inc., under appointment by the Court of Appeal, and J. Perry Langford for Respondent.

## OPINION

RICHARDSON, J.—Respondent, chairman of the Community Release Board (CRB), appeals from an order of the San Diego County Superior Court directing the CRB to strike from petitioner's prison term a one-year enhancement added pursuant to section 1170.2, subdivision (a), of the Penal Code. (All statutory references are to that code unless otherwise indicated.) The appeal is authorized by section 1506. As will appear, we have concluded that petitioner has failed to carry his burden of proving that the enhancement was improper. Accordingly, the order appealed from must be reversed with directions to dismiss the proceeding.

Petitioner Robert T. Lawler was convicted of first degree robbery (former § 211a) on his plea of guilty and under the previous Indeterminate Sentence Law was sentenced to a prison term for an indefinite period. On December 2, 1977, after the operative date of the determinate sentencing law of 1976 (DSL), the CRB, pursuant to section 1170.2, subdivision (a), calculated a determinate term of four years for petitioner, based on the newly enacted three-year middle term for robbery (§ 213), plus a one-year "enhancement." The document on which the term calculation was made, administratively denominated form CDC 678, indicated that the reason for the enhancement was "weapons," and cited former section 3024, which specified the minimum sentence for certain armed offenders. It is undisputed, however, that the judgment of conviction did not include any express finding or recital that petitioner was armed within the meaning of section 3024.

On December 14, 1977, petitioner wrote to the sentencing court, enclosing a copy of the form on which his DSL term had been computed. The letter stated that petitioner's term had been refixed by the CRB to include the one-year enhancement for possessing a weapon provided for in section 3024; that the clerk of the court had advised him that the record did not reflect a section 3024 allegation or finding; and that his letter to the chairman of the CRB complaining about the enhancement had been to no avail. He then stated that he had already served the three-year base term and was being held only on the "violation" of section 3024, and requested that the court "officially notify the authorities here at Folsom prison and the Community Release Board as to what my legal standing is regarding any violation of pc 3024 . . . ." File stamps on the letter indicate that it was received by the court on January 4, 1978, was filed as a petition for writ of habeas corpus on January 5, and as such

was granted on that date by issuance of an order directing that the CRB respond to the allegation of illegal detention set forth in the "petition."

The CRB's return to the court's order alleged that petitioner was in the lawful custody of the Department of Corrections following his conviction of first degree robbery and second degree burglary; that his term had been fixed under the DSL; that petitioner had not exhausted his administrative remedies; and that the records officer had mistakenly circled the number "3024" rather than "211" on form CDC 678 in explaining the one-year weapons enhancement. (Armed robbery under former section 211a may justify a one-year enhancement. (See §§ 1170.2, subd. (a), 12022, subd. (a).)) The accompanying memorandum of points and authorities contended (1) that the "petition" was defective in that it had not been verified as required by section 1474; (2) that the petition should be denied for failure of petitioner to exhaust his administrative remedies as required by *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286], and applicable CRB rules; (3) that since petitioner had been convicted of armed robbery the one-year enhancement was proper under section 1170.2, subdivision (a); and (4) the clerical error in designating section 3024, instead of section 211, on the CDC 678 form, was inconsequential.

No traverse was filed by petitioner. A hearing was held on February 7, 1978, but no testimony was offered. Counsel for respondent stipulated that petitioner's letter might be deemed a verified petition for writ of habeas corpus, and that petitioner had exhausted his administrative remedies since any further appeal would be futile. The parties placed in evidence the abstract of the judgment of conviction, documents establishing that petitioner had pursued an administrative appeal, additional DSL term computation documents, and the letter from the clerk of the court to petitioner stating that no section 3024 allegation was found in the record.

After argument by counsel the court ruled that the enhancement was improper because the sentencing court had not added any enhancement "with respect to this 211a, but on the definition of 211a as it was then in the code, fixed the sentence at five years to life." It also ruled that the enhancement could not be justified under either subdivision (a) or (b) of section 12022, since there was no proof respecting the elements necessary under those provisions to permit an enhancement. Finally, the court ruled that application of any of those provisions to add a one-year enhancement to petitioner's term would constitute an impermissible ex post facto application of the law, and ordered the enhancement stricken.

As will appear, the trial court's order must be reversed, because petitioner failed to establish any basis for relief in habeas corpus. ▇ In a habeas corpus proceeding the petition itself serves a limited function. It must allege unlawful restraint, name the person by whom the petitioner is so restrained, and specify the facts on which he bases his claim that the restraint is unlawful. (§ 1474.) If, taking the facts alleged as true, the petitioner has established a prima facie case for relief on habeas corpus, then an order to show cause should issue. (*In re Hochberg* (1970) 2 Cal.3d 870, 875, fn. 4 [87 Cal.Rptr. 681, 471 P.2d 1].) We have previously observed that the order to show cause, although not expressly provided for in the statutes governing the writ, has developed as an appropriate means by which to initiate a hearing and disposition of a petition on behalf of a person in custody without the necessity of bringing the petitioner before the court. (*Id.,* at p. 873, fn. 2.) The return to the order to show cause then becomes the principal pleading, analogous to a complaint in a civil proceeding. ▇▇ The factual allegations of the return will be deemed true unless the petitioner in his traverse denies the truth of the respondent's allegations and either realleges the facts set out in his petition, or by stipulation the petition is deemed a traverse. (*In re Saunders* (1970) 2 Cal.3d 1033, 1047-1048 [88 Cal.Rptr. 633, 472 P.2d 921].) The issues are thus joined, and if there are no disputed material factual allegations, the court may dispose of the petition without the necessity of an evidentiary hearing.

In the present case, petitioner's letter alleged that he was unlawfully restrained by the Director of Corrections and/or CRB in that he had served the three-year middle term for robbery fixed for him by the CRB, and was held solely by reason of a one-year enhancement of that term arising from application of section 3024, despite the fact that the judgment contained no such finding. The return alleged that the reference to section 3024 on the computation form was clerical error, that petitioner's term had been properly enhanced on the basis of his conviction of first degree robbery, and that the proper notation should have been section 211. Petitioner filed no traverse. It follows that respondent's allegation that the one-year enhancement was based on petitioner's conviction of first degree robbery was, therefore, dispositive of the factual question as to the basis of the enhancement.

Section 1170.2, subdivision (a), pursuant to which petitioner's DSL term had been fixed by the CRB, provides that the term shall be fixed "utilizing the middle term of the offense bearing the longest term of imprisonment of which the prisoner was convicted increased by any

enhancements justified by matters found to be true and which were imposed by the court at the time of sentencing for such felony. Such matters include: being armed with a deadly or dangerous weapon as specified in Section 211a . . . prior to July 1, 1977, which may result in a one-year enhancement pursuant to the provisions of Section 12022. . . ." At the time of petitioner's offense, section 211a provided that "All robbery which is perpetrated by torture *or by a person being armed with a dangerous or deadly weapon,* and the robbery of any person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire, is robbery in the first degree. All other kinds of robbery are of the second degree." (Italics added.)

Respondent's allegation in its return that petitioner's enhanced term was based on his first degree robbery conviction was therefore necessarily an assertion that petitioner was armed at the time of the offense. Petitioner did not deny in a traverse (or even in his initial letter) that he was armed, or that his being armed was the basis for his conviction of first degree robbery. ██ ██ Since the petitioner in a habeas corpus proceeding has the burden not only of alleging but also of proving the facts on which he relies in support of his claim for relief (*In re Saunders, supra,* 2 Cal.3d 1033, 1047-1048), the sentencing court erred in granting relief on the basis that respondent had not presented any evidence that petitioner had been armed with a dangerous or deadly weapon.

Because of our disposition of this matter, and the absence of any allegation or proof by petitioner that he did not personally use a dangerous weapon or that he was not armed with a firearm at the time of the commission of the offense, we need not decide his further claim that under section 1170.2, subdivision (a), persons convicted of first degree robbery on the basis of an armed finding within the meaning of former section 211, should not have the one-year enhancement added to their DSL terms unless they personally used a dangerous weapon or were armed with a firearm within the meaning of section 12022 as amended and operative July 1, 1977.

Similarly, although we do not reach the question whether the enhanced four-year DSL term fixed for petitioner constitutes an impermissible ex post facto application for the term-fixing provisions of the DSL, we note that petitioner has not alleged that the term exceeds that which was imposed or fixed under the Indeterminate Sentence Law. (See *In re Rodriguez* (1975) 14 Cal.3d 639 [122 Cal.Rptr. 552, 537 P.2d 384].) Since

the *minimum* Indeterminate Sentence Law term for first degree robbery was five years, and petitioner continues to be eligible for earlier release on parole pursuant to the law which applied at the time of his offense (§ 1170.2, subds. (c), (g)), we conclude that it is unlikely that a meritorious basis for relief on that theory could be alleged.

The order appealed from is reversed and the trial court is directed to dismiss the proceeding.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Manuel, J., and Newman, J., concurred.

The petition of the Community Release Board for a rehearing was denied March 14, 1979, and the opinion was modified to read as printed above.