[No. A053181. First Dist., Div. Three. Apr. 6, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ALVIN THOMAS SNYDER, Defendant and Appellant.

[No. A055888. First Dist., Div. Three. Apr. 6, 1993.]

In re ALVIN THOMAS SNYDER on Habeas Corpus.

1168

**COUNSEL**

Scott J. Drexel, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Bruce Ortega, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MERRILL, Acting P. J.**—Following a jury trial, appellant Alvin Thomas Snyder was convicted of two counts of inducing a child to engage in a lewd or lascivious act (counts 1 & 2/Pen. Code, § 266j);[1] two counts of forcible rape (counts 3 & 6/§ 261, subd. (2)); two counts of committing a forcible lewd act upon a child (counts 4 & 7/§ 288, subd. (b)); and one count of genital penetration with a foreign object (count 5/§ 289). Additionally, the jury found true the allegations that with respect to counts 4 and 7, appellant used the fear of immediate and unlawful bodily injury to perpetrate the crimes and caused bodily injury to the child victim in their commission (§§ 1203.066, subd. (a)(1) & (a)(2)). The trial court sentenced appellant to eighteen years in prison which included a middle term sentence of six years on count 3 (forcible rape) as the principal term plus two consecutive middle term sentences of six years each on counts 5 and 6 (penetration with a foreign object & forcible rape). The court imposed middle term six-year sentences on counts 1 and 2 (inducing a child to engage in a lewd or lascivious act) to run concurrently with each other and all other terms. Sentence on the remaining counts (4 & 7) as well as the attendant fear and bodily injury findings were ordered stayed pursuant to section 654. Appellant appeals from the judgment of conviction. On appeal, we affirm the judgment. [2]

### APPEAL

### I

On the Sunday of Memorial Day weekend 1990, 11-year-old Jackie M. had an argument with her mother and decided to spend the night with a friend. The friend, 12-year-old Heath P., was Jackie's boyfriend who resided in the same apartment complex along with his mother, Bobbi S.; his two brothers; and his stepfather, the appellant. Upon her arrival at Heath's apartment, Jackie noticed that appellant had been drinking heavily. It appeared that a birthday celebration was in progress in appellant's honor.

At some point in the evening, Jackie and Heath went into Heath's bedroom to play Nintendo. They began kissing. They were interrupted when

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Consolidated with the appeal is a petition for writ of habeas corpus filed by appellant. By separate order in this opinion we have issued an order to show cause.

appellant entered the room. Jackie went to the bathroom. Upon her return, appellant told her that Heath was "ready." Appellant then proceeded to direct the minors to get down on the floor and to remove their pants. They complied. He next told them to remove their underpants, which they did. Appellant then instructed Heath to get on top of Jackie and to "do it," whereupon Heath unsuccessfully tried to have sexual intercourse with Jackie. Because of his inability to have an erection, he was unable to penetrate Jackie's vagina. Heath began to get off of Jackie when appellant's wife, Bobbi, walked into the room. Bobbi demanded to know what was going on. As the minors dressed, appellant and Bobbi "had words."

Sometime later that evening, appellant, Jackie and Heath left the apartment and drove to a store in appellant's car. After returning home briefly, appellant drove the minors to a remote area and parked the car. He instructed Heath to get in the backseat of the car with Jackie and to "do it again." Once again, the minors tried unsuccessfully to have sexual intercourse. Appellant then ordered Heath to return to the front seat. He said, "Do you want me to do it for you?" and proceeded to climb into the backseat to take Heath's place. Appellant ignored Jackie's protests and unzipped his pants. He then forcibly penetrated Jackie's vagina, twice with his penis and once with his finger. He also kissed her on the breasts and tried to kiss her in the genital area. Throughout the assault, Jackie attempted to fight off appellant. At one point, appellant choked her, grabbing her neck hard and pushing her down.

The following morning, Jackie told Bobbi what had happened and Bobbi took her to the Vacaville Police Department. Medical examination and expert analysis disclosed bruising on Jackie's neck and sperm in her vagina. Additionally, police found "some suspected semen stains" in the crotch area of appellant's overalls.

## II

On the first day of trial, appellant's trial attorney, Jane Burleson, placed on the record the contention that a plea bargain had been offered to appellant by the district attorney's office prior to the preliminary hearing, but that appellant's counsel at the time, Robert Bernstein, had failed to communicate that offer to appellant.[3] Burleson said that the offer included a promise of no commitment to state prison. According to Burleson, appellant denied being advised of the offer and said if he had been so advised, he would have accepted it. Burleson indicated that she was stating this for the record "potentially for future reference." Burleson took no further action in regard to the claim except to remind the court at sentencing of the missed plea bargain.

---

[3]The record indicates that Bernstein was appellant's counsel at the preliminary hearing.

Now, in the instant appeal, appellant claims ineffective assistance of counsel based on the failure of his original counsel in the case, Bernstein, to communicate the offered plea bargain to him. Appellant additionally brings this issue before us by way of a petition for writ of habeas corpus which has been consolidated with this appeal.

■ As a rule, when the appellate record does not, or cannot, reflect the grounds for a claim of ineffective assistance of counsel, the issue is appropriately raised by a petition for writ of habeas corpus. (*People* v. *Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859].) Here, other than the aforementioned statements by appellant's trial counsel, Burleson, there is nothing in the appellate record in relation to appellant's claim. Based on this, it is our determination that the issue of ineffective assistance of counsel cannot be properly ruled upon in the appeal. Accordingly, we address it solely in the context of the writ petition. And in this context, we have determined that there are factual issues which need to be resolved relative to appellant's claim. Accordingly, as we shall explain, we are issuing an order to show cause and are transferring the petition for writ of habeas corpus to the superior court for an evidentiary hearing.

### III

At trial, Jackie testified that she first reported the rape to appellant's wife, Bobbi. According to the victim, following the assault, she and Heath dropped appellant off at a friend's house and then returned to Heath's apartment. Jackie said she fell asleep on a couch in the living room where she remained until the next morning when she was awakened by Bobbi. Jackie said she told Bobbi what had happened, whereupon Bobbi took her to the police station.

Jackie's testimony in this regard was corroborated by Bobbi. Over defense counsel's objection, Bobbi was permitted to give the following testimony relative to what Jackie told her on the morning following the crime:

"[Question:] What did Jackie say to you?

"[Answer:] She said that, 'He made me do it.'

"[Question:] And was this in response to a question that you had asked her?

"[Answer:] No. . . . I think I might have asked her, I don't remember, but I asked her, 'What did you all do?'

"· · · · · · · · · · · · · · · · · · · · · · · ·

". . . And she said, 'Oh, nothing,' or something like that. And then I looked back at her and she said, 'He made me do it.'

"I said, 'Do what, Jackie?'

"She said, 'You know.'

"I said, 'No, I don't know. You tell me.'

"And she said, 'He made me have sex.' "

 Appellant claims that this testimony constitutes inadmissible hearsay and is grounds for reversal. We disagree.

 "In prosecutions for sex offenses, proof of the fact of recent complaints by a minor victim is admissible as original evidence and is *not hearsay*. [Citations.] '[I]f the statement was only admitted to show that a complaint was made by the victim rather than to show the truth thereof, then the evidence is *not hearsay* at all. [Citations.]' [Citation.] [¶] The 'recent complaint' doctrine admits testimony by third persons that the victim complained of a sex act by the defendant on the ground that '[i]t is natural to expect that the victim of such a crime would complain of it, and the prosecution can show the fact of complaint to forestall the assumption that none was made and that therefore the offense did not occur.' [Citations.]" (*People* v. *Meacham* (1984) 152 Cal.App.3d 142, 158 [199 Cal.Rptr. 586].)

 Here, the testimony was properly admitted for this purpose, the trial court explaining to the jury that Bobbi's testimony about Jackie's statements was admitted into evidence only to show that they were made, and not for the truth of their content. Additionally, the jury was instructed that evidence admitted for a limited purpose can only be considered for that purpose.

Appellant nevertheless claims error. He argues that Jackie's statements to Bobbi were not made soon enough following the assault to qualify as a "fresh complaint." He points out that while there were other people at the apartment when Jackie and Heath returned following the incident, Jackie waited all night, until Bobbi returned to the apartment the next morning, to tell someone about the incident.

We reject appellant's argument. We find the gap in time between Jackie's return to the apartment on the night in question and her statement to Bobbi

the next morning compatible with the doctrine. The record indicates that on the day of the assault a serious argument had taken place between Jackie and her own mother. The record further establishes that Jackie and Bobbi were friends. Thus, it is entirely understandable that the minor would have chosen to confide in Bobbi and to have waited for her return. The only other people at the apartment on the night in question were two men who were sleeping and whom Jackie said she did not know. ■ As a rule, the "complaint doctrine" in sex cases is distinct from the spontaneous statement exception to the hearsay rule. "Thus, a short delay in making a complaint affects only the weight of the testimony and not its admissibility. [Citations.]" (*People* v. *Meacham, supra,* 152 Cal.App.3d at p. 158.)

■ Appellant additionally urges that Jackie's statements do not qualify as a fresh complaint because they were not made voluntarily but in response to questioning by Bobbi. We find appellant's argument unpersuasive.

The key inquiry is whether the statements were voluntary. (*People* v. *Burton* (1961) 55 Cal.2d 328, 351 [11 Cal.Rptr. 65, 359 P.2d 433]; *People* v. *Meacham, supra,* 152 Cal.App.3d at p. 160.) And here, it appears they were. When Bobbi asked Jackie about what she and the others had done the night before, Jackie initially responded, "Nothing." Then moments later, she apparently blurted out the truth. Her statements were not the product of lengthy, probing questioning (*In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1129 [200 Cal.Rptr. 789], disapproved on other grounds in *People* v. *Raley* (1992) 2 Cal.4th 870, 891-895 [8 Cal.Rptr. 2d 678, 830 P.2d 712]), or intimidation or fear (*People* v. *Fair* (1988) 203 Cal.App.3d 1303, 1313 [250 Cal.Rptr. 486]; and *People* v. *Ewing* (1925) 71 Cal.App. 138, 143 [234 P. 917]). Nor was she in an emotional or agitated state when she made them. (*People* v. *O'Donnell* (1938) 11 Cal.2d 666, 670 [81 P.2d 939], disapproved on other grounds in *People* v. *Friend* (1958) 50 Cal.2d 570, 577 [327 P.2d 97].)

On appeal, the judgment is affirmed.

### PETITION FOR WRIT OF HABEAS CORPUS

In his declaration in support of the petition for writ of habeas corpus, appellant's present counsel, Scott Drexel, declares that in his initial review of the case, he discovered the statement at trial by appellant's trial counsel, Jane Burleson, regarding the missed plea bargain and decided to undertake further investigation. He telephoned the deputy district attorney who made the offer of a plea bargain, Nancy Thomas. According to Drexel, Thomas confirmed the fact that an offer had been made. The offer reportedly

consisted of Thomas's promise to drop all remaining charges if appellant pled guilty to one count of section 288, subdivision (a) (i.e., lewd or lascivious act upon a child). Thomas denied that she had additionally promised no commitment to state prison, but said she offered to submit the matter to the probation department for its report and recommendation and may have speculated, based on appellant's clean record, that he would not receive a prison sentence.

According to Drexel, Thomas said she made the offer sometime between appellant's arrest on May 28, 1990, and the preliminary hearing on June 13, 1990. Thomas thought she talked to Bernstein, appellant's attorney at the preliminary hearing, about it on two occasions. The second time she talked to Bernstein, he sought a plea bargain whereby appellant would plead guilty to a violation of section 261.5 (i.e., unlawful sexual intercourse). Thomas stated she rejected the counteroffer because she wanted appellant to have to register as a sex offender pursuant to section 290. Thomas said that Bernstein indicated that the original offer was not acceptable. Accordingly, she believed that the offer was rejected.

In his declaration, Drexel says he also talked to Bernstein by telephone. According to Drexel, Bernstein told him that although he could not specifically recall receiving the offer, "if he had received such a plea offer, he believes that he would have communicated that offer to petitioner and would have recommended that the plea offer be accepted."

Also attached to the petition is a declaration by appellant stating that the offer was never communicated to him by counsel and that if it had been, he would have accepted it.

In the past, a claim of ineffective assistance of counsel in the plea bargaining process has received a mixed response by our appellate courts. Some courts have held that so long as the accused ultimately received a fair trial, his or her essential constitutional guarantees have been observed and a defendant can ask for no more. Others have taken the position that some form of relief is mandated. Recently in *In re Alvernaz* (1992) 2 Cal.4th 924 [8 Cal.Rptr.2d 713, 830 P.2d 747], our Supreme Court provided us with guidelines for resolving this issue.

In *Alvernaz*, defendant was convicted of multiple robbery charges plus kidnapping for the purpose of robbery. He received concurrent sentences which included life imprisonment with the possibility of parole for the kidnapping offense, plus two years for a firearm-use enhancement. Defendant calculated that his prison confinement would be 16 years and 7½ months

before he would be eligible for parole. The conviction was affirmed by the Court of Appeal and review was denied by the Supreme Court. (*In re Alvernaz, supra*, 2 Cal.4th at p. 929.)

Thereafter, defendant petitioned the superior court for a writ of habeas corpus asserting that in making his decision prior to trial to reject a plea bargain offered by the prosecution, involving a substantially lesser sentence, he had been denied his right to the effective assistance of counsel. In support of his petition, he declared that he would have accepted the offered plea bargain, had he been competently counseled. The superior court issued an order to show cause and, after considering the petition and return, denied relief. The court determined that although the defendant had been misadvised by his counsel regarding the maximum sentence he faced in the event he failed to accept the offered plea bargain, he had not met his burden of establishing that he would have accepted the offer had he been competently advised. (*In re Alvernaz, supra*, 2 Cal.4th at p. 930.)

The defendant in *Alvernaz* renewed his petition before the Court of Appeal. In support of his petition, he added a number of supporting declarations. In his own declaration, he related the following facts: at the conclusion of the preliminary hearing the magistrate had said that he had serious reservations about the prosecution's proof but that there was enough to hold defendant to answer. Following the hearing, the plea offer was made. Defendant was informed by counsel that the prosecution had offered to permit him to plead guilty to one count of robbery with a four- or five-year maximum sentence, which would amount to a net sentence of two or two and one-half years, after deduction of worktime credits. When defendant asked counsel his opinion as to whether he should accept the bargain, counsel in essence advised him to reject the bargain because he believed they would win at trial. When defendant asked counsel what the maximum sentence would be if he rejected the plea bargain and went to trial and lost, counsel told him the maximum would be approximately eight years with a net sentence of four years. (*In re Alvernaz, supra*, 2 Cal.4th at pp. 930-931.)

In another declaration, defendant's trial counsel indicated that he had advised defendant that he could receive a life top sentence which would translate into actual time of approximately seven years. Counsel could not recall informing defendant about the possibility of receiving a total sentence of 16 to 17 years. He did remember that defendant was adamant in his claim of innocence. (*In re Alvernaz, supra*, 2 Cal.4th at p. 931.)

The Court of Appeal issued an order to show cause and, thereafter, denied the petition. The court found that defendant had met his burden of establishing: (1) he was not competently counseled as to the consequences of

rejecting the offered plea bargain; (2) the likelihood he would have accepted the offer, had he received competent advice; and (3) the likelihood that the trial court would have accepted the plea bargain. Nevertheless, the Court of Appeal held that since the defendant received a fair trial, he had not as a matter of law been prejudiced by his counsel's incompetence, and reversal therefore was not required. "The [Court of Appeal] reasoned that the purpose of the constitutional guarantee of effective assistance of counsel is to preserve basic trial rights; by electing to proceed to trial and receiving the benefit of a fair trial, petitioner was not denied any rights to which he was constitutionally entitled." (*In re Alvernaz, supra,* 2 Cal.4th at pp. 932-933.)

Defendant then petitioned the Supreme Court. Although the petition was ultimately denied, the Supreme Court held, in contrast to the Court of Appeal, that "the rendering of ineffective assistance by counsel, resulting in a defendant's decision to reject an offered plea bargain and proceed to trial, constitutes a constitutional violation which is not remedied by a fair trial." (*In re Alvernaz, supra,* 2 Cal.4th at p. 936.)

 ██ ██ The *Alvernaz* court said to demonstrate that a defendant has received constitutionally inadequate representation by counsel, he or she must show: (1) that counsel's representation was deficient;[4] and (2) that counsel's deficient performance subjected him or her to prejudice. To establish prejudice, a defendant must prove there is a reasonable probability that, but for counsel's deficient performance, the defendant would have accepted the proffered plea bargain and that in turn it would have been approved by the trial court. In order to establish that a defendant would have accepted the bargain but for counsel's deficient performance, the court said the defendant must do more than simply declare this as a fact following his or her conviction. The *Alvernaz* court set forth the pertinent factors to be considered by a court in determining whether a defendant would have accepted the offer. It found that the showing by defendant in that case was insufficient in this regard. (*In re Alvernaz, supra,* 2 Cal.4th at pp. 936-937.)

██ As part of its decision, the *Alvernaz* court outlined what the remedy should be in a case where ineffective assistance of counsel has resulted in a defendant's decision to reject an offered plea bargain and proceed to trial. The court said: "After the granting of relief by the trial court (on a motion for new trial or in a habeas corpus proceeding) or by an appellate court, the district attorney shall submit the previously offered plea bargain to the trial

---

[4]In a claim of ineffective assistance of counsel, the burden is on the defendant to prove, by a preponderance of the evidence, that he was ineffectively represented. (See *Strickland* v. *Washington* (1984) 466 U.S. 668, 688 [80 L.Ed.2d 674, , 693, 104 S.Ct. 2052]; and *People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

court for its approval, unless the district attorney within 30 days elects to retry the defendant and resume the plea negotiation process. If the plea bargain is submitted to and approved by the trial court, the judgment shall be modified consistent with the terms of the plea bargain." (*In re Alvernaz, supra,* 2 Cal.4th at p. 944.) The court acknowledged that this remedy does not necessarily give the defendant the benefit of the original bargain if the district attorney elects to retry the case and resume plea negotiations, but it does restore the bargaining process.

In the case at bench, unlike *Alvernaz,* there is a factual issue as to whether the plea bargain offer was ever communicated to appellant. Appellant says that he was not told of the offer, but his counsel seems to dispute this. Additionally, on the record before us, it cannot be determined whether appellant would have accepted the offer, if communicated to him. Under these circumstances, there are factual issues which must be resolved by the trial court at an evidentiary hearing.[5]

Accordingly, this matter is ordered transferred to the Superior Court of the State of California in and for Solano County. The Director of the Department of Corrections is ordered to show cause before that court, when ordered on its calendar, why the judgment should not be vacated. (See generally, *In re Lawler* (1979) 23 Cal.3d 190, 194 [151 Cal.Rptr. 833, 588 P.2d 1257]; *In re Hochberg* (1970) 2 Cal.3d 870, 875, fn. 4 [87 Cal.Rptr. 681, 471 P.2d 1].)

At the evidentiary hearing the trial court shall proceed as follows: If the trial court finds that (1) the plea bargain offer was communicated to appellant, *or* (2) there was a failure to inform appellant of the offer but he would not have accepted it even if it had been communicated to him, then the trial court shall deny the petition for writ of habeas corpus.

If, on the other hand, the trial court finds that (1) the plea bargain offer was not communicated to appellant, *and* (2) he would have accepted it had it been communicated to him, then relief should be granted, and consistent with the guidelines in *Alvernaz,* the district attorney shall be directed to submit the previously offered plea bargain to the trial court for its approval, *unless* the district attorney within 30 days elects to retry appellant and resume the plea negotiation process. If the previously offered plea bargain is submitted to and approved by the trial court, the judgment shall be modified consistent with the terms of the plea bargain.

A certified copy of this order to show cause together with a copy of the petition for writ of habeas corpus filed herein, shall be served by this court

---

[5]In most of the cases cited by the parties, the issues were initially placed before the trial court, either by way of a habeas petition or a motion for new trial.

on the Director of the Department of Corrections forthwith. The written return to this order to show cause and any traverse to the return shall be served and filed with the Solano County Superior Court on or before a date set by that court. The superior court is directed to appoint counsel to represent petitioner in this proceeding.

## DISPOSITION

The judgment on appeal is affirmed. The petition for writ of habeas corpus is transferred to the Superior Court in and for Solano County for an evidentiary hearing consistent with this opinion.

Chin, J., and Werdegar, J., concurred.