Filed 10/9/20  P. v. Prasad CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073921 |
| v. | (Super.Ct.No. RIF124986) |
| DHARMENDRA PRASAD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded with directions.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2005, Dharmendra Prasad pleaded guilty to possessing cocaine in exchange for probation. Two years later he admitted violating the terms, and the court revoked his probation. The failure to complete probation successfully exposed him to deportation. (See *Estrada v. Holder* (9th Cir. 2009) 560 F.3d 1039, 1040-1041.)

In 2019, while in Immigrations and Customs Enforcement (ICE) custody, Prasad filed a motion under Penal Code sections 1016.5 and 1473.7 seeking to set aside his guilty plea because he wasn't aware of the immigration consequences of his guilty plea. (Unlabeled statutory citations refer to the Penal Code.) The trial court held a hearing at which Prasad wasn't present and without first appointing him counsel. The court denied the motion because Prasad's plea agreement warned him of the immigration consequences of the plea.

Prasad argues the court abused its discretion by holding the hearing and denying his motion in his absence and without first appointing him counsel. The People concede the error and agree we should remand for a new hearing. We agree, reverse the order, and remand to allow the trial court to appoint counsel and hold an evidentiary hearing on Prasad's claims.

I

FACTS

On July 19, 2005, the Riverside County District Attorney charged Prasad with possessing cocaine (Health and Saf. Code, § 11350, subd. (a)) and driving with a suspended license. (Veh. Code, § 14601, subd. (a).) They also alleged he had a prior

2

prison term conviction. On December 15, 2005, he pleaded guilty to possessing cocaine and admitted he had a prior prison term conviction. In exchange for his plea, he received 36 months' probation under Proposition 36. The court dismissed the charge of driving without a license in the interest of justice.

Sometime before October 2007, Prasad represented himself in a trial, lost, was convicted of a felony, and was sentenced to two years in prison. In October 2007, Prasad admitted to violating the terms of his probation, and the court terminated his probation.

Years later, in September 2019, Prasad moved to vacate his conviction under sections 1016.5 and 1473.7. He claimed his counsel provided ineffective assistance because they didn't advise him of the immigration consequences of his plea. He said he couldn't afford an attorney and asked the court to hold a hearing on the motion without him because he was in ICE custody.

On September 20, 2019, a deputy district attorney and a public defender representing Prasad appeared in court, and the court set a hearing date. Later the same day, the public defender declared a conflict of interest and withdrew her representation, and the district attorney filed opposition to Prasad's motion.

On October 11, 2019, Prasad requested a 14-day extension to respond to the opposition. On October 15, 2019, the court denied the request and held the hearing with only a deputy district attorney present. The court denied Prasad's motion because it found he had signed a plea form which advised him that his plea may have immigration consequences.

Prasad filed a timely appeal.

II

ANALYSIS

Prasad argues the trial court should have granted his motion to withdraw his plea and vacate his conviction because he established he did not meaningfully understand or knowingly accept the immigration consequences of his 2005 plea. He also argues the trial court erred by holding a hearing in his absence and without an attorney present to represent him.[1] The People agree with his last argument and ask us to reverse and remand.

Section 1473.7, subdivision (a)(1), allows anyone not in criminal custody to file a motion to vacate a conviction if "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty . . . ." The statute mandates "[a]ll motions shall be entitled to a hearing," and empowers the courts to hold such a hearing outside the presence of the moving party only if "it finds good cause as to why the moving party cannot be present." (§ 1473.7, subd. (d).)

This case is very similar to *People v. Fryhaat* (2019) 35 Cal.App.5th 969 (*Fryhaat*). There, as here, the defendant filed a motion under section 1473.7 to vacate a

---

[1] Prasad also argues his counsel in 2007 provided ineffective assistance by not advising him that failing to successfully complete probation could have adverse immigration consequences. Because we reverse and remand on another ground, we do not reach this contention.

previous conviction. (*Id.* at p. 974.) The trial court appointed a public defender to represent the defendant. (*Ibid.*) The trial court held a hearing without the defendant present, and "the public defender informed the court that he had not had any communications with defendant and that his office had declared a conflict." (*Ibid.*) The trial court then denied the motion. (*Ibid.*)

We concluded that section 1473.7 "provide[s] the right to appointed counsel where an indigent moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute." (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 981.) We based our conclusion on a comparison to petitioners for a writ of habeas corpus or *coram nobis*, who are entitled to counsel upon a prima facie showing of entitlement to relief. (*Id.* at pp. 981-982.) A prima facie showing of entitlement to relief in those contexts requires the court to assess whether the petitioner has alleged sufficient facts that, if true, would entitle them to the relief they seek. (*In re Lawler* (1979) 23 Cal.3d 190, 194.) We held that this reasoning applies with equal force in the context of a section 1473.7 motion. (*Fryhaat*, at pp. 983-984.)

Because we have held that the right to counsel attaches upon the showing of a prima facie case for relief, we now turn to the issue of whether Prasad made such a showing. If he did, he is entitled to counsel. Where a party moves to vacate their conviction under section 1473.7, the moving party is "required only to show that one or more of the established errors were prejudicial and damaged his 'ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse

5

immigration consequences of [his] plea . . . .' " (*People v. Camacho* (2019) 32 Cal.App.5th 998, 1008-1009.) Thus, in order to make a prima facie showing of entitlement to relief, a party must allege (1) some error, and (2) that the alleged error prejudiced their ability to meaningfully understand, defend against, or knowingly accept the plea. An error may prejudice a moving party "when there is a reasonable probability that the person would not have pleaded guilty—and would have risked going to trial (even if only to figuratively throw a 'Hail Mary')—had the person known that the guilty plea would result in mandatory and dire immigration consequences." (*People v. Mejia* (2019) 36 Cal.App.5th 859, 871, italics omitted.) Whether a petitioner or moving party has made a prima facie showing of entitlement to relief is a question of law, which we may resolve independently. (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 977-978; *People v. Bonilla* (2007) 41 Cal.4th 313, 341-342.)

Given these standards, we conclude Prasad made a prima facie showing of entitlement to relief here. He alleged in his motion that he was represented by counsel when he entered his 2005 plea, and that his counsel never advised him of the immigration consequences of the plea. He alleges that had he known of the immigration consequences of his plea, he would not have pleaded guilty. Thus, Prasad properly alleged some error—namely, his attorney did not advise him of the immigration consequences of his plea—and this error prejudiced him—specifically, that because of the error he didn't understand the immigration consequences of his plea and would not have entered the plea if he'd known those consequences.

Because Prasad made a prima facie showing of entitlement to relief, we conclude the trial court erred by holding a hearing without him present and without appointing him counsel. Though Prasad initially requested the court hold the hearing in his absence, he also claimed to be indigent and unable to afford an attorney. The court properly appointed the public defender to represent him, but once the public defender declared a conflict it failed to appoint counsel from a conflict panel. Because Prasad claimed to be indigent and was unrepresented when the court denied his motion, and because his motion stated a prima facie case for relief, the trial court violated his conditional right to counsel. (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 981.)

We therefore agree with the parties that Prasad is entitled to reversal and remand.

III

DISPOSITION

We reverse the order denying Prasad's section 1473.7 motion. We direct the trial court on remand to appoint counsel before holding a hearing on the merits of Prasad's motion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

7