Filed 9/23/25  P. v. Pizarro CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B340797 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA261296) |
| v. | |
| AMADOR ROBLES PIZARRO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Reversed and remanded with directions.

Christopher Lionel Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Noah P. Hill and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Amador Robles Pizarro appeals from the trial court's order denying his motion to vacate his conviction and withdraw his plea under Penal Code section 1473.7.[1]  The trial court denied the motion without holding an evidentiary hearing.  The People concede that reversal is warranted.  We agree and remand for an evidentiary hearing.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

Pizarro was born in Honduras.  He came to the United States in 1995.  In March 2004, Pizarro was charged with committing a lewd act on a child of 14 or 15 years old, while Pizarro was at least 10 years older, in violation of section 288, subdivision (c)(1).  After initially entering a plea of not guilty in March 2004, Pizarro withdrew his plea in August 2004, entered a plea of nolo contendere, and was found guilty as charged.

Before entering his plea, the trial court advised him: "There are consequences to pleading tha[t] you need to understand.  [¶] If you are not a citizen of the United States, a plea in this case will result in deportation, denial of naturalization, denial of re-entry into this country, as well as exclusion from admission."  The court then explained the other consequences of the plea and the terms of probation.  At the end of this advisement, Pizarro indicated he understood the consequences of his plea.  The trial

———————————————

[1]  Undesignated statutory references are to the Penal Code. Pizarro is also known as Javier Alexis Flores Mayorquin.

[2]  The record does not contain the facts of the underlying crime.

court suspended Pizarro's sentence and placed him on five years of probation. He was ordered to serve six days in jail, with six days of custody credits.

In April 2024, Pizarro filed a motion to vacate his conviction and withdraw his plea under section 1473.7. He supported the motion with his own signed declaration, asserting that his 2004 conviction was the first and last time he had an "encounter with the law." Pizarro declared that at the time of his plea, he "had no knowledge of how the criminal system worked," and "far less knowledge about the immigration system . . . ." When he accepted the plea, he believed he only needed to "focus on completing [his] probation."

Pizarro further declared that at the time of his plea, he had been in the United States for approximately nine years. His sister, "the most important" person in his life, also resided in the United States. In 1999, he graduated from barbershop school and received his barber's license from the state. At the time of his plea, he was living with his then partner. He declared that had he known of the immigration consequences of his plea, he would have maintained his original not guilty plea and challenged the charges. Pizarro has not incurred any other criminal convictions.

In 2023, Pizarro spoke with an immigration attorney about his eligibility for a U Visa, which is available to victims of crimes in the United States. His attorney explained that his conviction disqualified him for a U Visa. She informed him of section 1473.7. Pizarro also supported his motion with a declaration from the immigration attorney. The attorney explained that Pizarro's conviction could render him inadmissible and deportable. In addition, it prevented Pizarro from pursuing

3

legalization and "other immigration relief, including for discretionary relief before the Department of Homeland Security." If he sought such relief, it would be denied, and he "could be placed in deportation proceedings."

On May 21, 2024, Pizarro and his attorney arrived at the courtroom for a hearing on the motion and learned the assigned prosecutor was not present and needed time to familiarize herself with the motion. Pizarro's attorney agreed to a brief continuance. However, when the court called the matter, it rejected the request for a continuance, noting it was untimely. The court continued, "I'd be a lot more sympathetic to this if I hadn't spent six or seven hours' work on this case already and at this point I have some questions and we'll talk about whether we're going to continue it." After an exchange with Pizarro's counsel about the merits, the court stated it would deny the motion. The court did not ask the prosecution for its position. The prosecutor did not speak at all during the hearing. When the court indicated it would deny the motion, Pizarro's counsel requested an evidentiary hearing. The court denied the request.

On May 21, the court filed a written order denying the motion. The court reasoned Pizarro was required to establish that he was not advised or was misadvised of the immigration consequences of his plea. The court concluded the advisement in the record was proper and Pizarro was not misadvised. The court emphasized that Pizarro "was clearly and unequivocally told he *would* be deported if he entered into the plea agreement in this case." The court also noted Pizarro did not claim he was misadvised by his trial counsel, and he did not say or do anything at the time of his plea to suggest he did not understand the potential immigration consequences of the plea. The court

4

further found that Pizarro was not facing deportation, denial of naturalization, or denial of reentry, and was only "investigating the possibility of obtaining a 'U' Visa . . . ." The court thus concluded "there is absolutely no credible evidence of error in the plea and no credible evidence of prejudice from any imaginary error in this case. [Pizarro] is not part of that group of noncitizens who entered illegal pleas and is not entitled to relief."

Pizarro filed a motion to reconsider. He argued he was entitled to an evidentiary hearing under section 1473.7, and the court improperly failed to determine the People's position before denying the motion.

The court denied the motion for reconsideration, explaining that Pizarro was not entitled to an evidentiary hearing because "[t]he *only* issue in the defendant's Penal Code section 1473.7 motion was whether the advisement of immigration consequences which he received at the time of his guilty plea to child molestation was sufficient. Under any legal test, it was." The court reasoned that "an evidentiary hearing would and could add nothing to this." The court also rejected Pizarro's argument based on the People's right to be heard, stating that the People were unprepared for the motion and the request for a continuance was informal and untimely.

Pizarro timely appealed.

DISCUSSION

Pizarro argues, and the People concede, that Pizarro was entitled to an evidentiary hearing on the motion to vacate. We agree with the parties and reverse and remand for an evidentiary hearing.

## I. Pizarro Was Entitled To An Evidentiary Hearing[3]

Under section 1473.7, "[a] person who is no longer in criminal custody may file a motion to vacate a conviction or sentence" that is "legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (*Id.*, subd. (a)(1).)

The section further provides that "[a]ll motions shall be entitled to a hearing." (§ 1473.7, subd. (d).) "If the prosecution has no objection to the motion, the court may grant the motion to vacate the conviction or sentence without a hearing." (*Ibid.*) Otherwise, "[e]very qualifying defendant filing a section 1473.7 motion is entitled to a hearing on the merits of the motion." (*People v. Singh* (2022) 81 Cal.App.5th 147, 154; see also *Fryhaat*, *supra*, 35 Cal.App.5th at p. 977 ["the plain language of section 1473.7, subdivision (d), establishes that a moving party is entitled to a hearing"].) As our high court recently explained, "In addition to submitting declarations, both parties are entitled to request an evidentiary hearing." (*Espinoza*, *supra*, 14 Cal.5th at p. 325.)

Pursuant to the plain language of section 1473.7, subdivision (d), Pizarro was entitled to an evidentiary hearing.

---

[3] Our review of what procedures are required by the text of the statute is de novo. (See *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 976–979 (*Fryhaat*) [reviewing § 1473.7 de novo to determine whether it requires a right to a hearing, to be present, and a right to counsel].) "We apply independent review" to determine whether a defendant established eligibility for relief. (*People v. Espinoza* (2023) 14 Cal.5th 311, 319, 320 (*Espinoza*).)

6

Further, although the statute does not expressly condition a hearing on the defendant making a prima facie showing of entitlement to relief, to the extent it was a requirement, we agree with the parties that Pizarro met that burden. He alleged facts that, if true, would entitle him to relief. (See *In re Lawler* (1979) 23 Cal.3d 190, 194; *Fryhaat, supra*, 35 Cal.App.5th at p. 982.)

A defendant seeking to vacate his or her conviction under section 1473.7 must establish three things. "The defendant must first show that he did not meaningfully understand the immigration consequences of his plea." (*Espinoza, supra*, 14 Cal.5th at p. 319.) "Next, the defendant must show that his misunderstanding constituted prejudicial error. '[P]rejudical error . . . means demonstrating a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences.' [Citation.]" (*Ibid*.) Finally, "the moving party shall also establish that the conviction or sentence being challenged is currently causing or has the potential to cause removal or the denial of an application for an immigration benefit, lawful status, or naturalization." (§ 1473.7, subd. (e)(1).)

Pizarro's declaration asserted that he did not understand the immigration consequences of his plea. The trial court advised him that his plea "will result in deportation, . . . denial of re-entry into this country, as well as exclusion from admission," and Pizarro stated that he understood the consequences of his plea. However, an advisement that a plea *will* result in deportation does not necessarily prevent a defendant from demonstrating that he did not understand the plea's consequences for purposes of section 1473.7 relief. (*People v. Curiel* (2023) 92 Cal.App.5th 1160, 1175 (*Curiel*); *People v. Manzanilla* (2022) 80 Cal.App.5th

7

891, 906; *People v. Lopez* (2021) 66 Cal.App.5th 561, 577; *People v. Rodriguez* (2021) 60 Cal.App.5th 995, 1003–1004; *People v. Camacho* (2019) 32 Cal.App.5th 998, 1011, fn. 8 (*Camacho*).)[4] The "will result" language in the immigration consequences advisement Pizarro received did not determine whether he was entitled to an evidentiary hearing under section 1473.7. (*Fryhaat, supra,* 35 Cal.App.5th at p. 982 [remanding for hearing under § 1473.7 although defendant was advised plea "will" result in deportation, because court could not assume counsel advised defendant of immigration consequences].)

Pizarro declared that he did not understand the consequences of his plea, he was unfamiliar with the criminal and immigration systems at the time of his plea, and he believed that he only needed to focus on completing his probation. This was sufficient to establish a prima facie showing of the first requirement for relief. At an evidentiary hearing, he would have the opportunity to submit contemporaneous evidence corroborating his assertions. (See *Espinoza, supra,* 14 Cal.5th at p. 321 [defendant must corroborate assertions with objective evidence]; *Curiel, supra,* 92 Cal.App.5th at p. 1177 [original defense counsel's testimony corroborated defendant's declaration].)

Pizarro also declared he would not have accepted the plea agreement if he understood its immigration consequences because of his family and professional ties to the United States.

---

[4] The issue of when the "totality of the circumstances" establishes a defendant meaningfully understood the immigration consequences of a plea is currently pending before the California Supreme Court in *In re Hernandez*, S282186, Supreme Court Minutes, December 20, 2023.

At the time of his plea in 2004, Pizarro had lived in the United States for approximately nine years.  His sister and partner were in the United States.  He had gone to school and obtained a license to work as a barber in California.  Pizarro stated that if he had understood the immigration consequences of his plea, he would have maintained his original not guilty plea and challenged the charges.  These statements established a prima facie showing of prejudice.  At an evidentiary hearing he would be required to establish the truth of his claims by a preponderance of the evidence, including by providing objective evidence to corroborate his factual assertions.  (*Espinoza, supra,* 14 Cal.5th at p. 321; *People v. Vivar* (2021) 11 Cal.5th 510, 523.)

Finally, Pizarro demonstrated "that the conviction or sentence being challenged is currently causing or has *the potential* to cause removal or the denial of an application for an immigration benefit, lawful status, or naturalization."  (§ 1473.7, subd. (e)(1), italics added; *Camacho, supra,* 32 Cal.App.5th at pp. 1003–1004, & fn. 3 [moving party need not wait until commencement of deportation proceedings or other immigration consequence before filing motion].)

Pizarro's immigration attorney declared that his conviction would result in the denial of his application for an immigration benefit—specifically, a U Visa—and rendered him removable and inadmissible.  As one court described in holding that a section 1473.7 motion may be brought "in the absence of removal proceedings," "[t]he phrase 'actual or potential adverse immigration consequences' [in section 1473.7] is broad and encompasses circumstances other than removal, such as, for example, the one Morales has asserted: his claimed inability to obtain temporary legal status in the United States via a U visa,

for which he purportedly would qualify if not for his conviction." (*People v. Morales* (2018) 25 Cal.App.5th 502, 509, 510.)[5]  It is sufficient that Pizarro's "offense[ ] to which [ ]he pleaded no contest left h[im] subject to potential adverse immigration consequences in the future." (*Curiel, supra*, 92 Cal.App.5th at p. 1174.)

The language of the immigration consequences advisement is relevant to the totality of circumstances that will determine whether the court ultimately grants Pizarro's motion to vacate (*Espinoza, supra*, 14 Cal.5th at p. 320), but it did not govern whether the trial court was required to conduct further proceedings.  Pizarro is entitled to an evidentiary hearing under section 1473.7, subdivision (d).  We express no opinion on the ultimate outcome of the motion to vacate the conviction.

Finally, Pizarro requests that, on remand, the matter be assigned to a different trial judge pursuant to Code of Civil Procedure, section 170.1, subdivision (c).  The People did not address this issue in their brief.  Under Code of Civil Procedure section 170.1, subdivision (c), "[a]t the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court."  However, this

---

[5]     In addition, Pizarro's plea to section 288, subdivision (c)(1), may to subject him to removal as it has in some instances been deemed an aggravated felony. (*Rodriguez-Castellon v. Holder* (9th Cir. 2013) 733 F.3d 847, 863; but see *United States v. Castro* (9th Cir. 2010) 607 F.3d 566, 569.)  "A noncitizen who is convicted of an aggravated felony is subject to mandatory deportation and permanent exclusion from the United States." (*Curiel, supra*, 92 Cal.App.5th at p. 1174.)

power should be used " 'sparingly, and only when the interests of justice require it.' " (*In re Tuilaepa* (2025) 108 Cal.App.5th 1262, 1283, quoting *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079.) "Mere judicial error does not establish bias and normally is not a proper ground for disqualification." (*LaBlanc*, at p. 1079.) We do not find that the interests of justice require an order for reassignment on remand in this case.

## DISPOSITION

The trial court's denial of Pizarro's Penal Code section 1473.7 motion is reversed and the matter is remanded for an evidentiary hearing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

11