Filed 7/23/14  In re Shaheed CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re HANEEF SHAHEED | D065031 |
| on | (San Diego County Super. Ct. No. SCD130379) |
| Habeas Corpus. | |

Petition for writ of habeas corpus.  Relief granted.

C. Anthony Valladolid, for Petitioner.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Sabrina Y. Lane-Erwin, Deputy Attorney General, for Respondent.

In 1998, a jury convicted petitioner Haneef Shaheed of first-degree murder, kidnapping during a carjacking, and kidnapping for robbery.  The jury also found true the special circumstances that the murder was intentional and committed for financial gain, committed by lying in wait, committed during a robbery, and committed during a kidnapping.  The court sentenced Shaheed to life without the possibility of parole

pursuant to Penal Code section 190.5, subdivision (b). Shaheed was 16 years old at the time he committed the crimes.

In his petition for writ of habeas corpus, Shaheed contends that Penal Code section 190.5 violates the Constitution's Eighth Amendment's prohibition on cruel and unusual punishment. Shaheed's petition is premised on a recent Supreme Court decision, *Miller v. Alabama* (2012) __ U.S. __, 132 S.Ct. 2455 (*Miller*), which held that a state statute imposing a mandatory sentence of life imprisonment without parole for those under the age of 18 that commit murder violates the Eighth Amendment and that sentence may be imposed only after the court considers the "distinctive attributes of youth" and how those attributes "diminish the penological justifications for imposing the harshest sentences on juvenile offenders." (*Id.* at p. 2465.)

At the time Shaheed filed his writ petition, the California Supreme Court was reviewing the same question raised by Shaheed: whether existing authority interpreting section 190.5, subdivision (b) as creating a presumption in favor of a sentence of life without parole violates the Eighth Amendment to the United States Constitution under the principles announced in *Miller*. (*People v. Gutierrez* (2014) 58 Cal.4th 1354 (*Gutierrez*).)

We stayed further proceedings involving Shaheed's petition pending the final outcome of *Gutierrez*. In its decision, the Supreme Court held that *Miller* precludes an interpretation of 190.5 as creating a presumption of life without parole and that previous sentencing determinations premised on that presumption require resentencing. (*People v. Gutierrez*, *supra,* 58 Cal.4th at p. 1390-1391.)

After the Supreme Court filed its decision, we requested an informal response from the Attorney General regarding the effect of *Gutierrez* on Shaheed's petition. In response, the Attorney General concedes that relief should be granted and the case remanded for resentencing.

The Attorney General recognizes relief is warranted. When Shaheed was sentenced in 1998, the trial court applied governing authority to construe Penal Code section 190.5 as establishing a presumption in favor of a sentence of life without parole and found no basis for reducing the sentence. !(Exh. M, p. 367.)! As discussed in *Gutierrez*, although we do not fault the trial court for dutifully applying the law as it stood at the time, that presumption raises serious constitutional concerns that require a remand for resentencing.

We may grant relief without issuing an order to show cause or writ of habeas corpus when the petitioner's custodian concedes the requested relief must be granted. (*People v. Romero* (1994) 8 Cal.4th 728, 740, fn. 7.) Because of the Attorney General's concession, we conclude no useful purpose would reasonably be served by issuance of

an order to show cause and/or plenary disposition of the matter.  The conviction is vacated.  The matter is remanded to superior court for resentencing consistent with *Miller* and *Gutierrez.*


                                                    _____

                                                         McDONALD, J.

WE CONCUR:


_____
                    NARES, Acting P. J.


_____
                        AARON, J.