Filed 9/25/14  In re Hansen CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re BRAE HANSEN<br><br>on<br><br>Habeas Corpus. | D063983<br><br>(San Diego County<br>Super. Ct. No. SCD207862)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

The opinion filed September 16, 2014, is modified as follows:

Page four, fifth line is modified to read:  The sentence is vacated.

THERE IS NO CHANGE IN JUDGMENT.

McINTYRE, Acting P. J.

Filed 9/16/14 (unmodified version)
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re BRAE HANSEN<br><br>on<br><br>Habeas Corpus. | D063983<br><br>(San Diego County<br>Super. Ct. No. SCD207862) |

THE COURT:

Petition for writ of habeas corpus. Relief granted.

Brae Hansen in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland, Deputy Attorney General, for Respondent.

FACTS

In 2009, a jury convicted petitioner Brae Hansen of first degree murder and vicarious use of a firearm. The jury also found true the special circumstance that the murder was committed by lying in wait. The court sentenced Hansen to life without the possibility of parole. Hansen was 17 at the time she committed the crime.

DISCUSSION

In her petition for writ of habeas corpus, Hansen contends that Penal Code section 190.5 (undesignated statutory references are to the Penal Code), which governs sentencing of juveniles found guilty of murder in which certain special circumstances are found true, violates the Constitution's Eighth Amendment's prohibition on cruel and unusual punishment. Hansen's petition is premised on a recent Supreme Court decision, *Miller v. Alabama* (2012) __ U.S. __, 132 S.Ct. 2455 (*Miller*), which held that a state statute imposing a mandatory sentence of life imprisonment without parole for those under the age of 18 who commit murder violates the Eighth Amendment and that such sentences may be imposed only after the court considers the "distinctive attributes of youth" and how those attributes "diminish the penological justifications for imposing the harshest sentences on juvenile offenders." (*Id.* at p. 2465.)

At the time Hansen filed her writ petition, the California Supreme Court was reviewing the same question raised by Hansen: whether existing authority interpreting section 190.5, subdivision (b), as creating a presumption in favor of a sentence of life without parole violates the Eighth Amendment to the United States Constitution under the principles announced in *Miller*. (*People v. Gutierrez* (2014) 58 Cal.4th 1354 (*Gutierrez*).)

2

We stayed further proceedings involving Hansen's petition pending the final outcome of *Gutierrez.* In its decision, the Supreme Court held that *Miller* precludes an interpretation of section 190.5 as creating a presumption of life without parole and that previous sentencing determinations premised on such a presumption require resentencing. (*Gutierrez*, *supra*, 58 Cal.4th at pp. 1390-1391.)

After the Supreme Court filed its decision, we requested an informal response from the Attorney General regarding the effect of *Gutierrez* on Hansen's petition. In that response, the Attorney General concedes that relief should be granted and the case remanded for resentencing.

As the Attorney General recognizes, relief is warranted. In its sentencing memorandum, the prosecution informed the court that under governing authority, section 190.5 creates a presumption in favor of a sentence of life without the possibility of parole. When the court sentenced Hansen, it applied this presumption in favor of a sentence of life without parole and found no basis for reducing the sentence. As discussed in *Gutierrez*, although we do not fault the trial court for dutifully applying the law as it stood at the time, such a presumption raises serious constitutional concerns that require a remand for resentencing.

DISPOSITION

We may grant relief without issuing an order to show cause or writ of habeas corpus when the petitioner's custodian concedes that the requested relief must be granted. (*People v. Romero* (1994) 8 Cal.4th 728, 740, fn. 7.)  Given the Attorney General's concession, we conclude no useful purpose could reasonably be served by issuance of an order to show cause and/or plenary disposition of the matter.  The conviction is vacated. The matter is remanded to the trial court for resentencing not inconsistent with *Miller* and *Gutierrez.*

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

HUFFMAN, J.