Filed 12/26/14  In re Sanchez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re ENRIQUE SALINAS SANCHEZ, | E060592 |
| on Habeas Corpus. | (Super.Ct.No. SWF1203161) |
| | O P I N I O N |

ORIGINAL PROCEEDING; petition for writ of habeas corpus.  Michael J. Rushton, Judge.  Petition granted.

Thomas E. Robertson for Petitioner.

Kamala D. Harris, Attorney General, and Randall D. Einhorn, Deputy Attorney General, for Respondent.

Based on the advice of his counsel, petitioner Enrique Salinas Sanchez admitted five prison priors (Pen. Code, § 667.5, subd. (b))[1] and three prior strike convictions (Pen. Code, § 667, subd. (c), (e)(2)(A)), following his convictions for forcibly resisting an officer in the performance of his duties (Pen. Code, § 69) and possessing

_____

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  Sanchez was sentenced to 11 years in prison, including five consecutive one-year terms for each of his five prison priors.

Sanchez petitions for a writ of habeas corpus vacating the first of his five prison priors and reducing his 11-year sentence by one year.  He claims his counsel rendered ineffective assistance in advising him to admit the first prison prior because it could not be proved.  In an informal response, the Attorney General agrees the petition states a prima facie case for relief (*People v. Romero* (1994) 8 Cal.4th 728, 737) and that the first prison prior and the one-year term imposed on it must both be stricken.  We, too, agree the petition states a prima facie case, and grant the requested relief.[2]

The first prison prior enhancement is based on Sanchez's conviction, on or about April 30, 1987, for receiving stolen property (§ 496) in Riverside County Superior Court case No. CR-26754, and for which Sanchez was sentenced to probation and 270 days in jail.  While in custody in case No. CR-26754, Sanchez was convicted on July 9, 1987, in Riverside County Superior Court case No. CR-27360, of burglary (§ 459), a crime he committed before he began serving his jail sentence in case No. CR-26754.  His probation was revoked in case No. CR-26754, and he was sentenced to four years in prison for both convictions.

---

[2] Sanchez appealed the judgment of conviction in case No. E058674, and we have considered his habeas petition with his appeal.

Thus, as the Attorney General agrees, Sanchez served *only one* continuous period of imprisonment for his April 30, 1987, and July 9, 1987, convictions, and no prison prior could have been proved based on his April 30, 1987, conviction alone. (§ 667.5, subds. (b), (e); see *People v. Jones* (1998) 63 Cal.App.4th 744, 747-748 [one-year prison prior enhancement does not apply to any felony for which the defendant did not serve *a prior separate prison term*].) In support of the petition, counsel for Sanchez submitted a declaration admitting he accidentally failed to identify this information before he advised Sanchez to admit the first alleged prison prior, based solely on his April 30, 1987, conviction.

Because his sentence includes a one-year term for an admitted prison prior that could not have been proved, Sanchez has made a prima facie showing he was prejudiced by his counsel's ineffective assistance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Mendoza* (2000) 24 Cal.4th 130, 158.) Thus, his first prison prior enhancement, and the one-year term imposed on it, must be stricken. (*People v. Jones, supra,* 63 Cal.App.4th at p. 750 [modifying sentence to strike prison prior and one-year term imposed on prison prior].)

Let a peremptory writ issue in the first instance, directing the trial court to strike the first alleged prison prior enhancement and the one-year term imposed on it, pursuant to section 667.5, subdivision (b), leaving a total term of imprisonment of 10 years. The writ shall further direct the trial court to prepare an amended abstract of judgment

3

reflecting this modification to the judgment and sentence, and forward the abstract to the

Department of Corrections and Rehabilitation.

KING
                                                                    J.

We concur:

RAMIREZ
                    P. J.

RICHLI
            J.

4