Filed 12/30/14  P. v. Gonzalez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>LEVI GERMAN GONZALEZ,<br><br>　　　Defendant and Respondent. | B257177<br><br>(Los Angeles County<br>Super. Ct. No. 1LG02039) |

APPEAL from an order of the Superior Court of Los Angeles County, Halim Dhanidina, Judge.  Reversed and remanded.

Douglas P. Haubert, City Prosecutor, and Randall C. Fudge, Assistant City Prosecutor, for Plaintiff and Appellant.

Karlin & Karlin and Marc A. Karlin for Defendant and Respondent.

Defendant and respondent Levi German Gonzalez pleaded no contest to inflicting corporal injury upon his spouse in 2011. In 2013, he filed a petition for a writ of habeas corpus, seeking vacation of the conviction. Without issuing an order to show cause (OSC) or a writ of habeas corpus, the trial court granted the relief Gonzalez requested. Plaintiff and appellant the People of the State of California appeal the superior court's order. They contend the court improperly granted the requested relief without issuing an OSC. We agree. Accordingly, we reverse the superior court's order and remand for further proceedings.

PROCEDURAL BACKGROUND

On June 28, 2011, respondent Gonzalez was charged by complaint with inflicting corporal injury upon his spouse (Pen. Code, § 273.5, subd. (a), count 1)[1] and false imprisonment (§ 236, count 2), both misdemeanors. On the same date, pursuant to a negotiated plea, Gonzalez pleaded no contest to count 1. In conjunction with his plea, he completed a document entitled "Misdemeanor Advisement of Rights, Waiver, and Plea Form." The trial court suspended imposition of sentence, placed Gonzalez on summary probation for three years, imposed a variety of probation conditions, and dismissed count 2.

In June 2013, Gonzalez filed a petition for a writ of habeas corpus seeking vacation of the 2011 judgment. He served a copy on the Long Beach City Prosecutor's office. The petition, along with a memorandum of points and authorities and a supporting declaration, alleged the following. Gonzalez, a Mexican citizen, was seeking to become a lawful permanent resident of the United States based upon his marriage to his U.S. citizen wife. However, his 2011 no contest plea and conviction disqualified him from completing his permanent resident application and subjected him to removal from the United States.

---

[1] All further undesignated statutory references are to the Penal Code.

Gonzalez sought vacation of his conviction on the ground that he had received ineffective assistance of counsel in the 2011 plea proceeding.  He averred that the deputy public defender who represented him failed to advise him that his plea would permanently affect his immigration status and future immigration proceedings; failed to recommend that he consult with an immigration attorney; and failed to alert him to the fact that his no contest plea would "virtually assure[]" denial of his permanent resident application and subject him to deportation.  Had he been aware of the immigration consequences, he would not have entered a no contest plea.  He urged that under *Padilla v. Kentucky* (2010) 559 U.S. 356, failure to advise a defendant of the immigration consequences of a plea constitutes ineffective assistance of counsel.

The superior court did not issue an OSC, and no return was filed.  The court did not request that the People file an informal response to the petition, and none was filed.

On September 20, 2013, the trial court held a hearing on Gonzalez's habeas petition.  A Long Beach deputy city prosecutor appeared on behalf of the People.  When the trial court queried whether the prosecutor represented the People in the matter, the prosecutor replied, "I'm not familiar, and no one has spoken to me about it."  He averred that he knew "absolutely nothing" about the habeas petition.  The trial court referenced "a proof of service that was filed" and allowed the prosecutor time to locate the file.  Subsequently, the court asked whether the People were prepared to go forward, and the prosecutor replied, "The People submit it."  The trial court then ordered the conviction vacated and the case dismissed.

On October 9, 2013, the People appealed to the Los Angeles County Superior Court Appellate Division, which subsequently transferred the appeal to this court.  (See §§ 1238, 1506.)

DISCUSSION

The People argue that the superior court improperly granted the relief requested in Gonzalez's habeas petition without first issuing an OSC and allowing them to file a verified return. We agree.

*People v. Romero* (1994) 8 Cal.4th 728 (*Romero*) detailed the procedural requirements that a court must follow when ruling on a petition for a writ of habeas corpus. (*Id*. at pp. 736-741; see also *In re Olson* (2007) 149 Cal.App.4th 790, 800; *In re Stevenson* (2013) 213 Cal.App.4th 841, 855-857; Cal. Rules of Court, rule 4.551.) In *Romero,* the Court of Appeal considered petitioner Romero's habeas corpus petition and appeal concurrently. Without issuing an OSC, the court issued an opinion reversing Romero's conviction on the grounds stated in the habeas petition, and dismissed the appeal as moot. (*Romero*, at pp. 735-736.) Our Supreme Court concluded the appellate court could not grant the relief requested in the petition without first issuing either a writ of habeas corpus or an OSC. (*Id.* at p. 734.)

*Romero* explained that courts must comply with the procedures set forth in sections 1473 through 1508 when presented with a petition for a writ of habeas corpus. (*Romero, supra,* 8 Cal.4th at p. 737.) A court must first determine whether the petition states a prima facie case for relief. If not, the court may deny the petition outright. If, on the other hand, the petition states a prima facie case on a claim that is not procedurally barred, the court "is obligated by statute to issue a writ of habeas corpus." (*Ibid*.) "The role that the writ of habeas corpus plays is largely procedural. It 'does not decide the issues and cannot itself require the final release of the petitioner.' " (*Id.* at p. 738; see *Durdines v. Superior Court* (1999) 76 Cal.App.4th 247, 251, fn. 6 ["The writ of habeas corpus does not entitle a petitioner to his release. Its function is merely procedural, as it triggers adversarial proceedings and requires the respondent to file a return"].) Rather than issuing a writ of habeas corpus, a court may use an OSC as a substitute. An OSC directs the respondent to serve and file a written return. (*Romero*, at p. 738.) The "return 'is an essential part of the scheme' by which relief is granted in a habeas corpus proceeding. [Citation.]" (*Id.* at p. 739.) The petitioner's response to the return, known

4

as the traverse, may deny the material facts in the return and incorporate the allegations of the petition. (*Ibid.*) "Thus, it is through the return and the traverse that the issues are joined in a habeas corpus proceeding." (*Ibid.*)

*Romero* explained the reason for requiring the foregoing procedures: "As this summary of habeas corpus procedure reveals, issuance of a writ of habeas corpus or an order to show cause is an intermediate but nonetheless vital step in the process of determining whether the court should grant the affirmative relief that the petitioner has requested. The function of the writ or order is to 'institute a proceeding in which issues of fact are to be framed and decided.' [Citation.] The issuance of either the writ of habeas corpus or the order to show cause creates a 'cause,' thereby triggering the state constitutional requirement that the cause be resolved 'in writing with reasons stated'. . . . Thus, the writ or order is the means by which issues are joined (through the return and traverse) and the need for an evidentiary hearing determined. [¶] As the means by which a judicial proceeding is instituted, *the issuance of the writ (or order to show cause) is mandatory, not optional.* Penal Code section 1476 states that '[a]ny court or judge authorized to grant the writ, to whom a petition therefor is presented, . . . *must*, if it appear that the writ ought to issue, grant the same without delay . . . .' This court has confirmed this statutory command: '[I]f a petition for habeas corpus makes a prima facie showing, then *the opposing side <u>must</u> be given an opportunity to file a return to the petition.*' [Citations.]" (*Romero, supra,* 8 Cal.4th at p. 740, italics added, fn. omitted, underscoring added; *In re Olson, supra,* 149 Cal.App.4th at pp. 800-801; *In re Lugo* (2008) 164 Cal.App.4th 1522, 1542 [a "court typically may not grant relief unless it first issues an order to show cause or a writ of habeas corpus. [Citation.] In the absence of an order to show cause or a writ of habeas corpus, 'there are no facts, issues or cause' before the court, and any order granting relief is a nullity" (fn. omitted)].)

In light of the foregoing principles, it is clear that the trial court improperly granted the relief requested in the habeas petition without first issuing an OSC or a writ. (*Romero, supra,* 8 Cal.4th at p. 740; *In re Olson, supra,* 149 Cal.App.4th at p. 794 [where superior court granted relief without issuing an OSC, the "procedural flaw render[ed] the superior court's orders a nullity"].)

Gonzalez argues that the People "waived any appeal as to the Superior Court's alleged lack of proper procedure." Gonzalez points out that the prosecutor did not object or offer opposition at the hearing below, despite the superior court's failure to issue an OSC. He cites *People v. Carrasco* (2006) 137 Cal.App.4th 1050 and *Gonzalez v. U.S.* (9th Cir. 1994) 33 F.3d 1047, for the proposition that issues waived in the trial court are waived on appeal. These contentions lack merit.

*Romero* observed that the "right to file a return in a habeas corpus proceeding is subject to waiver. Upon being served with a copy of the petition, or upon receiving a request from the court for informal opposition under [the pertinent rule of court], the petitioner's custodian may stipulate to the truth of the petition's allegations and to the requested relief. Should this occur, the court in which the habeas corpus petition is pending may grant relief without issuing a writ of habeas corpus or an order to show cause." (*Romero, supra,* 8 Cal.4th at p. 740, fn. 7.) In the instant case, however, the prosecutor did not expressly enter into such a stipulation. Neither his failure to object nor his submission of the issue was tantamount to such a stipulation.

Indeed, *In re Olson, supra,* 149 Cal.App.4th 790 rejected an argument similar to that made by Gonzalez. In *Olson,* the superior court granted the relief requested in Olson's habeas corpus petition without issuing an OSC or a writ, and without ordering the filing of a return. (*Id.* at pp. 794, 799.) On appeal, Olson contended that the People's failure to object to the procedure followed by the superior court constituted a forfeiture of the contention on appeal, especially in light of the fact the superior court there had sought informal responses from the parties, indicating it was contemplating issuing the requested relief without complying with *Romero.* (*Id.* at p. 801.) *Olson* rejected this argument, explaining that "there was no stipulation relieving the superior court of its duty to issue

6

the OSC or the writ.  Nor did the failure to object amount to the stipulation referred to in *Romero.*" (*Id*. at p. 802.)  *Olson* distinguished *People v. Carrasco* and *Gonzalez v. U.S.,* the same authorities cited by respondent here, on the basis that neither case addressed "a forfeiture or waiver in the context of whether a court is entitled to grant a petitioner habeas corpus relief when no OSC issues." (*Olson,* at pp. 801-802.)  The same is true here.

Accordingly, we order the superior court's order reversed.  We express no opinion on the merits of Gonzalez's habeas corpus petition.

## DISPOSITION

The superior court's September 20, 2013 order vacating Gonzalez's 2011 conviction and dismissing the matter is reversed.  The matter is remanded for further proceedings consistent with the opinions expressed herein and with *People v. Romero* (1994) 8 Cal.4th 728.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


KITCHING, Acting P. J.


KUSSMAN, J.*

---

*       Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.