Filed 11/19/20  In re Bertram CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re TIMOTHY K. BERTRAM<br><br>on Habeas Corpus. | G059404<br><br>(Super. Ct. No. 15HF0067)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus.  Petition granted with directions.

Petitioner Timothy K. Bertram, in pro. per.

Todd L. Spitzer Attorney General, and George A. Turner, Deputy Attorney General for Respondent.

\*            \*            \*

THE COURT:*

In December of 2019, petitioner Timothy K. Bertram pled guilty to 13 felony counts of second-degree burglary in Orange County Superior Court case No. 15HF0067. (Pen. Code §§459, 460, subd. (b)).[1]

Pursuant to the plea agreement the court struck a strike prior and six prison priors for purposes of sentencing only. The court sentenced petitioner to three years on count 1, with concurrent sentences on the remaining counts, with credit for 178 days served. The court also ordered that petitioner's sentence be served at '"any penal institution,"' concurrently with two other cases previously imposed by Los Angeles County, and for which petitioner was currently serving 12 years in state prison.

Despite the court's ruling, a mistake was made in the abstract of judgment. This mistake incorrectly states that petitioner was sentenced to county jail pursuant to section 1170, subdivision (h). According to petitioner, this mistake has resulted in a "time server hold" being placed against him. This hold could operate to send him back to Orange County jail after he is released from prison, despite the terms of his sentence which mandates that he is to serve a prison term only.

Section 669 subdivision (d), provides in effect, that when a court imposes a concurrent term of imprisonment and imprisonment for one of the crimes is required to be served in state prison, the term for all crimes shall be served in state prison, even if the term for any other offense specifies imprisonment in a county jail pursuant to section 1170 subdivision (h). Here, the court acknowledged at petitioner's sentencing hearing that this case, "[I]t's not 1170(h)."

The Attorney General concedes that there exists an error in the abstract of judgment. The Attorney General does not oppose the granting of relief on the foregoing

---

*          Before, O'Leary, P.J., Ikola, J., and Thompson, J.

[1]          All further statutory references are to the Penal Code.

claim and has waived any issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728, 740, fn.7.)

Accordingly, the superior court is directed to amend the abstract of judgment to delete that part of the abstract indicating that petitioner is sentenced to county jail per section 1170 subdivision (h), and to send a certified copy of the amended abstract to the California Department of Corrections and Rehabilitation. This decision shall be final as to this court 10 days after its filing. (Cal.Rules of Court, rule 8.387(b)(3)(A).)