Filed 11/24/20  P. v. Godinez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B298474 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA126401) |
| v. | |
| JOSE GODINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Pat Connolly, Judge.  Affirmed.

Orly Ahrony for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Jose Godinez was convicted by jury in February 2014, along with two codefendants, of one count of premeditated attempted murder. A gang enhancement (Pen. Code, § 186.22, subd. (b)(1)(C)) and a firearm use enhancement (§ 12022.53, subd. (e)(1)) were also found true. Defendant was sentenced to an indeterminate term of 40 years to life.

In an unpublished opinion, we affirmed the convictions of all defendants but reversed the firearm use enhancement and remanded for resentencing. (*People v. Ifopo* (Feb. 16, 2016, B255922) [nonpub. opn.].) Specifically, as to defendant Godinez, we said: "the court shall strike the [Penal Code] section 12022.53, subdivision (e)(1) enhancement. The court shall sentence him under section 12022.53, subdivision (d) instead of under subdivision (e)(1)." The Supreme Court denied review.

In August 2016, the resentencing hearing was held. Defendant's counsel was present, but defendant was not present. The court struck the firearm use enhancement pursuant to Penal Code section 12022.53, subdivision (e)(1). The court then imposed an aggregate sentence of 40 years to life, consisting of 15 years to life for the attempted murder, and 25 years to life for the firearm use pursuant to section 12022.53, subdivision (d). The court forwarded a new abstract of judgment to the Department of Corrections and Rehabilitation. Defendant did not appeal.

More than two years later, on February 19, 2019, defendant filed a petition for writ of habeas corpus seeking to vacate the August 2016 judgment of conviction and requesting a new sentencing hearing to take place in his presence.

2

A hearing was held on May 9, 2019, at which defendant and his counsel were present. Defense counsel proposed to call a purported gang expert to testify defendant was not a gang member. The court stated it had read and considered the exhibits attached to defendant's petition, that it found the proposed expert testimony to be irrelevant, and did not intend to retry the case. After hearing the arguments of counsel, and extensively discussing the trial evidence with counsel, the court denied the request to modify defendant's sentence.

Defendant contends the court violated his rights by failing to hold an evidentiary hearing on the habeas petition. We disagree. Where habeas relief "hinges on the resolution of factual disputes, then the court should order an evidentiary hearing." (*People v. Romero* (1994) 8 Cal.4th 728, 739-740; see also Cal. Rules of Court, rule 4.551(f) ["An evidentiary hearing is required if . . . the petitioner's entitlement to relief depends on the resolution of an issue of fact."].) Defendant filed a habeas petition for the sole purpose of establishing his right to be present at a resentencing hearing because he had not been present for the August 2016 resentencing hearing. Where, as here, " 'there are no disputed factual questions as to matters outside the trial record, the merits of a habeas corpus petition can be decided without an evidentiary hearing.' " (*People v. Duvall* (1995) 9 Cal.4th 464, 478.)

Defendant also claims the court was biased against him. Defendant never objected in the trial court on this basis and never moved to disqualify Judge Connolly. The contention has therefore been forfeited. (*People v. Rodriguez* (2014) 58 Cal.4th 587, 626 [the defendant cannot raise claim of judicial bias for the

first time on appeal]; accord, *People v. Johnson* (2018) 6 Cal.5th 541, 592.)

In any event, the contention is without merit. Defendant's argument rests on a mischaracterization of the court's actions. The court did not take on the role of prosecutor. Rather, the court, after listening to argument, thoroughly explained the trial evidence and bases for its decision that defendant was not entitled to an order striking the firearm use enhancement. The record does not show the court acted in a biased manner.

## DISPOSITION

We affirm the order denying defendant's request to modify his sentence.


GRIMES, J.


WE CONCUR:


BIGELOW, P. J.


WILEY, J.


4