Filed 2/15/24  P. v. Philyaw CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B321244 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA447321) |
| v. | |
| ANTHONY Q. PHILYAW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Reversed.

Mary Jo Strand, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Anthony Q. Philyaw contends that the trial court, after granting his petition for habeas corpus, erred by denying his post-conviction motion for a full resentencing. We agree and reverse.

# II. BACKGROUND

## A. *Conviction and Sentence*

In 2016, a jury convicted defendant of two counts of assault with a deadly weapon (Pen. Code[1], § 245, subd. (a)(1), counts 1 and 2), two counts of making criminal threats (§ 422, subd. (a), counts 4 and 5), false imprisonment by violence (§ 236, count 7), possession of a firearm by a felon (§ 29800, subd. (a)(1), count 9), and misdemeanor sexual battery (§ 243.4, subd (a), count 10). The jury found true the allegations that defendant personally used a firearm (§ 12022.5, subd. (a)) and committed the crimes for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). The trial court found true the allegation that defendant had served six prior prison terms within the meaning of section 667.5, subdivision (b), and sustained a prior conviction for a serious or violent felony within the meaning of the Three Strikes law.

On January 31, 2017, the trial court sentenced defendant to 31 years and four months in prison, plus 364 days in any penal institution. On count 1, the court sentenced defendant to the upper term of four years, doubled to eight years pursuant to the

---

[1] Further statutory references are to the Penal Code.

2

Three Strikes law, plus 10 years for the firearm enhancement and five years for the gang enhancement. The court then sentenced defendant to a five-year term for his prior serious felony enhancement pursuant to section 667, subdivision (a)(1). On count 2, the court sentenced defendant to a consecutive term of three years, and four months, consisting of: two years for the offense (one-third the middle term of one year, doubled pursuant to the Three Strikes law), and one year, four months for the firearm enhancement (one-third the middle term of four years). Finally, the court sentenced defendant to a consecutive term of 364 days in any penal institution for count 10. The court stayed the sentences on counts 4, 5, 7, and 9, as well as any prior prison term allegations, pursuant to section 654.

On appeal, a prior panel of this court affirmed the judgment, but remanded for the trial court to consider whether to exercise its discretion pursuant to Senate Bill No. 620 to strike the firearm enhancements. (*People v. Philyaw* (Apr. 2, 2018, B280789) [nonpub. opn.].)

On October 23, 2018, the trial court held a hearing on remand and declined to strike the firearm enhancements.

B.    *Writ Petition*

On March 25, 2021, defendant filed a petition for writ of habeas corpus in the trial court. He argued that the five-year prior serious felony enhancement was an unauthorized sentence because that enhancement had not been pled in the information. On June 1, 2021, the Los Angeles County District Attorney (District Attorney) filed an informal response in which he conceded the error and stipulated that the enhancement should

3

be stricken from the judgment.  Defendant subsequently filed a reply, requesting that the court vacate the enhancement, appoint him counsel, and order a resentencing pursuant to Special Directive 20-14 of the District Attorney.

On July 20, 2021, the trial court granted the writ petition as follows:  "In light of the People's response, this court concludes that no purpose would reasonably be served by the issuance of an order to show cause.  Thus, the court grants the habeas with respect to only striking the . . . section 667[, subdivision] (a), five year prior, previously imposed."[2]  The court appointed counsel "to represent defendant at sentencing."

On March 31, 2022, defendant filed a motion to reconsider his entire sentence pursuant to former section 1170, subdivision (d)(1) and section 1385, arguing that he was entitled to the benefit of certain recently enacted ameliorative statutes.

On April 12, 2022, the trial court held a hearing.  The court denied defendant's motion for a full resentencing, finding that it lacked jurisdiction to resentence defendant as it was granting the habeas petition "on a very limited issue."  The court then struck

---

[2]    The Attorney General contends that the trial court erred by failing to issue an order to show cause.  (Cal. Rules of Court, rule 4.551(a)(5) ["The court must issue an order to show cause or deny the petition within 45 days after receipt of an informal response requested under (b)"].)  We disagree.  "Upon being served with a copy of the petition, or upon receiving a request from the court for informal opposition . . . , the petitioner's custodian may stipulate to the truth of the petition's allegations and to the requested relief.  Should this occur, the court in which the habeas corpus petition is pending may grant relief without issuing a writ of habeas corpus or an order to show cause."  (*People v. Romero* (1994) 8 Cal.4th 728, 740, fn. 7.)

4

the five-year enhancement and sentenced defendant to a total term of 21 years, 4 months in prison.[3]  Defendant appealed.

## III.  DISCUSSION

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing on all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  Moreover, with exceptions not applicable here, "when a trial court corrects one part of a sentence on remand, it is obligated to address the effect of subsequent events that render other parts of that sentence legally incorrect.  By correcting one part of the sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, but also obligated to look at the facts and the law in effect at the time of that resentencing, including "'any pertinent circumstances which have arisen since the prior sentence was imposed'" and whether they render a different part of the sentence legally incorrect.  [ Citations.]  And where the facts and law in effect at the time of resentencing dictate that some other component of the sentence is incorrect and hence unauthorized, the trial court is required to correct that component as well.  [Citations.]  That is because a criminal sentence is, like an atom, indivisible:  '[A]n aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.  The invalidity of one

_____

[3]     In a prior order, this court granted another writ petition filed by defendant in part, and stayed the five-year gang enhancement.  (*In re Philyaw* (Oct. 18, 2019, B298890) [nonpub. order].)

component infects the entire scheme.' [Citations.]" (*People v. Walker* (2021) 67 Cal.App.5th 198, 205–206, fn. omitted.)

Here, the trial court granted defendant's petition for writ of habeas corpus and struck a portion of his sentence but declined to resentence defendant on the grounds that it lacked jurisdiction to do so. Having struck a portion of defendant's sentence, the court was required to consider whether other portions of the sentence were also incorrect. (See *People v. Walker, supra*, 67 Cal.App.5th at pp. 205–206.) Accordingly, we reverse and remand for the trial court to conduct a full resentencing.

## IV. DISPOSITION

The judgment is reversed.  The matter is remanded for the trial court to conduct a full resentencing.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

7