Filed 1/27/26  Scott v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| JAVANTE SCOTT, | |
| Petitioner, | E086607 |
| v. | (Super.Ct.No. RIF148527) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Patrick F. Magers, Judge.  Petition granted.

Bess Stiffelman, Law Offices of Bess Stiffelman, for Petitioner.

Rob Bonta, Attorney General of California, and Maxine Hart, Deputy Attorney General, for Respondent.

1

INTRODUCTION

Petitioner and defendant Javante Scott (Scott) seeks a writ of habeas corpus compelling respondent court to conditionally vacate his conviction and sentence and remand the matter to the juvenile court for further proceedings. After reviewing the writ petition, this court invited respondent and real party in interest to file a response. Respondent filed an informal response conceding petitioner is entitled to relief. We deem the concession to be a waiver of respondent's right to the issuance of an order to show cause or further habeas proceedings, and therefore grant the petition for writ of habeas corpus. (*People v. Romero* (1994) 8 Cal.4th 728, 740, fn. 7.)

FACTUAL AND PROCEDURAL HISTORY

In 2009, when petitioner was 16, he committed a drive-by shooting of three unarmed non-gang related youths, hitting and seriously injuring one of them. Petitioner was convicted of three counts of attempted murder, each with firearm and gang enhancements, and was sentenced to 120 years to life. He appealed and the judgment was affirmed with a slight modification to the sentence. The Supreme Court denied review.

In 2013, petitioner filed a habeas petition in the superior court challenging his sentence. The superior court vacated the sentence and ordered a resentencing hearing. While the matter was pending, the Legislature added Penal Code section 3051, affording petitioner a parole hearing after 25 years. The parties agreed the new law cured any illegality in the sentence, and the court resentenced petitioner to 120 years to life.

Petitioner appealed again and this court affirmed his sentence. The Supreme Court granted review, and remanded the case back to this court to be considered in light of *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). We once again affirmed the judgment, but remanded the matter to the trial court with instructions to determine whether petitioner was entitled to a *Franklin* hearing. Petitioner's appeal was not final until February 4, 2017, after Proposition 57 (Prop. 57) went into effect on November 9, 2016.

DISCUSSION

Prop. 57 affords the right to a juvenile transfer hearing to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted. (*People v. Superior Court of Riverside County* (*Lara*) (2018) 4 Cal.5th 299, 304.) Prop. 57 applies to a sentence that was imposed prior to Prop. 57 but later vacated through a subsequent habeas proceeding. (*People v. Padilla* (2022) 13 Cal.5th 152, 159 (*Padilla*).)

Here, petitioner's case was directly filed in adult court before Prop. 57 was enacted, but his sentence was vacated through a habeas corpus petition subsequent to the effective date. Thus, his sentence was nonfinal for purposes of Prop. 57's application. As such, pursuant to *Padilla*, he is entitled to a transfer hearing. Respondent concedes this position. Thus, it is appropriate to grant the requested relief. (*People v. Romero* (1994) 8 Cal.4th 728, 740, fn. 7.)

3

DISPOSITION

The petition for habeas corpus is granted with directions to the superior court to conditionally vacate petitioner's conviction and sentence and remand the matter to the juvenile court with direction to hold a juvenile transfer hearing to determine petitioner's suitability for treatment in juvenile or criminal court.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
Acting P. J.

We concur:


FIELDS_____
J.


RAPHAEL_____
J.

4