Filed 6/9/16  In re Santana CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re JESUS SANTANA | E064063 |
| On Habeas Corpus. | (Super.Ct.No. RIC1507532) |
| | OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  David A. Gunn, Judge.  Petition granted.

Jesus Santa, in pro. per.; and Steve M. Defilippis, under appointment by the Court of Appeal, for Petitioner.

Kamala D. Harris, Attorney General, Gregory J. Marcot, Deputy Attorney General, for Respondent.

1

On July 24, 2015, petitioner filed a petition for writ of habeas corpus alleging, among other things: that he cannot communicate in English but can do so in Spanish; that he appeared for a hearing before the Board of Parole Hearings (BPH); that no interpreter was present; that the attorney appointed to represent petitioner at the BPH proceeding did not speak Spanish and was frustrated with petitioner's inability to communicate in English; and that this attorney pressured petitioner to sign a form that he did not understand but which waived his right to attend the BPH hearing. We requested a response, which respondent provided. We then issued an order to show cause and elicited a return and traverse. On May 2, 2016, the parties filed a "joint stipulation for the issuance of an order granting petition for writ of habeas corpus," which we deem a waiver of the right to attend the hearing we set when we issued the order to show cause. (See *People v. Romero* (1994) 8 Cal.4th 728, 739-740 & fn. 7.) The petition is therefore granted in accordance with the terms of the parties' stipulation.

DISPOSITION

The petition for writ of habeas corpus is granted. The BPH decision dated April 9, 2015, is vacated, as is the order deferring petitioner's next hearing for five years. BPH is to schedule a new parole consideration hearing within 120 days of the date of filing of this opinion. BPH shall provide a Spanish-speaking interpreter at this hearing, including any prehearing meetings between petitioner and his appointed counsel. In addition, BPH will provide any attorney appointed to represent petitioner at this proceeding, at the time of the appointment, with the following statement: "The inmate has requested that all

2

communications with counsel be made through a Spanish-speaking interpreter, who will be provided at the expense of the Board."

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

CODRINGTON

J.