Filed 12/12/24 In re Duran on Habeas Corpus CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re RICHARD MANUEL DURAN<br><br>on Habeas Corpus. | G064678<br><br>(Super. Ct. No. 94NF1756)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to challenge an order of the Superior Court of Orange County, Andre Manssourian, Judge.  Petition granted.

Charles Thomas Anderson, for Petitioner Richard Manuel Duran.

Rob Bonta, Attorney General, and Charles C. Ragland, Senior Assistant Attorney General for Respondent.

THE COURT:*

Richard Manuel Duran seeks relief from the failure to file a timely notice of appeal. The petition is granted.

On October 6, 1995, Duran was sentenced in superior court case No. 94NF1756. On December 21, 2023, trial counsel from the Orange County Public Defender's Office filed a petition for recall and resentencing pursuant to Penal Code section 1172.75 on Duran's behalf.[1] The following day the trial court denied the petition. According to the minutes entered on December 22, 2023, Duran was not present in court when the petition was considered, but he was represented in court by counsel who waived Duran's appearance pursuant to section 977, subdivision (b). After the petition was denied, the court's order denying the petition was signed and the matter closed. There is no indication in the record that a copy of the court's order denying the petition was transmitted to Duran.

On March 29, 2024, a notice of appeal was received by the Orange County Superior Court. In accordance with rule 8.308(d) of the California Rules of Court, the superior court notified counsel the last day to file a timely notice of appeal from the order entered on December 22, 2023, was February 20, 2024, and accordingly the notice of appeal was marked "Received March 29, 2024, but not filed."

According to a declaration by a supervising attorney with the public defender's office, Duran was represented by the public defender's office at the hearing on the petition for recall and resentencing on December 22, 2023. Counsel's declaration states, "There is no indication in our records that

---

*Before O'Leary, P. J., Goethals, J., and Gooding, J.

[1] All further statutory references are to the Penal Code.

2

anyone from my office informed Mr. Duran of the 12/22/23 denial or his right to appeal.  In fact, after a thorough inquiry, there is no indication that anyone from our office ever established any contact with Mr. Duran prior to March 29, 2024, when we filed a notice of appeal on his behalf."

According to the declaration filed by Duran, he was unaware that a petition for recall and resentencing had been filed on his behalf, and also unaware the petition had been denied.  According to Duran, he first became aware of the petition and the order denying the petition when contacted by the public defender's office and he was notified that a late notice of appeal had been filed on his behalf.  Duran's declaration states, "I wish to pursue an appeal from the denial of my Penal Code section 1172.75 petition and would have directed the Orange County Public Defender to file a timely notice of appeal on my behalf if I had known of the denial on December 22, 2023."

Section 1240.1 states in relevant part that in noncapital criminal cases where an indigent defendant is entitled to appointment of counsel on appeal, "it shall be the duty of the attorney who represented the person at trial to provide counsel and advice as to whether arguably meritorious grounds exist for reversal or modification of the judgment on appeal." (*Id.,* subd. (a).)

In addition to counsel's statutory obligation to advise the defendant on the merits for an appeal, the Supreme Court has also imposed a duty on counsel to advise a defendant of possible grounds for an appeal in *Roe v. Flores-Ortega* (2000) 528 U.S. 470, (*Flores-Ortega*) which holds that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous

3

grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." (*Id.* at p. 480.)

In a circumstance-specific reasonableness inquiry required by *Strickland v. Washington* (1984) 466 U.S. 668, the facts in this case support a finding that a rational defendant under the circumstances would want to appeal from the trial court's ruling where the timeline of the procedural history of the case indicates that Duran has consistently contested his guilt at every stage and continued to dispute his guilt on appeal after conviction and sentencing, and 19 years later by filing a petition for writ of habeas corpus in 2014, making it all the more likely that Duran would also dispute and challenge the court's ruling following the order denying his petition for recall and resentencing.

To be entitled to relief, Duran must also establish prejudice from counsel's deficient performance. (*Flores-Ortega, supra,* 528 U.S. at p. 481.) While the court usually applies a strong presumption of reliability during the course of legal proceedings, when a judicial proceeding has been forfeited, *Flores-Ortega* states a presumption of prejudice is justified because "[t]he even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice" (*id.* at p. 483) provided the defendant can "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed" (*id.* at p. 484).

*Flores-Ortega* states that if "counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." (*Flores-Ortega, supra,* 528 U.S. at

4

p. 484.) *Flores-Ortega* explains that "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." (*Id.* at p. 485.)

In this case Duran's declaration states that had he been advised that trial counsel filed a petition on his behalf, he "would have directed the Orange County Public Defender to file a timely notice of appeal on [his] behalf if [he] had known of the denial on December 22, 2023." Current habeas counsel also explains that at the time the superior court denied Duran's petition for recall and resentencing, "two different Courts of Appeal had already held similarly situated defendants were entitled to section 1172.75 relief. (See *People v. Christianson* (2023) 97 Cal.App.5th 300, 314-315, review granted Feb. 21, 2024, S283189; see also *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283.) A reasonably competent attorney would have been aware of these holdings, triggering a duty to consult."

The Attorney General does not oppose Duran's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. The clerk of the superior court is directed to file the notice of appeal that was received but not filed on March 29, 2024. Further proceedings, including preparation of the record on appeal, are to be conducted according to the applicable rules of court. (Cal. Rules of Court, rule 8.320(d).)

In the interest of justice, the opinion in this matter is deemed final in this court and the clerk of this court is directed to issue the remittitur forthwith.

5